**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, <br><br>             Plaintiff, <br><br>     vs. <br><br> PANORAMA TOWERS I, LLC, et al. <br><br>             Defendants. | Case No.: 2:11-cv-00189-GMN-GWF <br><br> **ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Developers Surety and Indemnity Company's Motion for Summary Judgment (ECF No. 16.)  Defendants Panorama Towers I, LLC, Panorama Towers II, LLC, Panorama Towers Mezz I, LLC, Sasson Hallier Properties, LLC, Laurence Hallier and Andrew Sasson filed a Response (ECF No. 20) and Plaintiff filed a Reply (ECF No. 33).

Also before the Court is Defendants' Countermotion for Relief under Fed. R. Civ. P. 56(d) (ECF No. 21).  Plaintiff filed a Response to this motion (ECF No. 34) and Defendants filed a Reply (ECF No. 35.)

## FACTS AND BACKGROUND

This dispute arises from Defendants' alleged failure to indemnify Plaintiffs on losses incurred in connection with bonds that were issued by Plaintiff on Defendants' behalf.  The parties entered into Indemnity Agreements on July 20, 2004 and April 1, 2005. (White Aff., Ex. A attached to MSJ ¶¶ 8, 9, ECF No. 16.)  In reliance on the Indemnity Agreements and at the request of Defendants, Plaintiff issued two bonds (one on November 11, 2006 and the second on June 29, 2007) in favor of Panorama Towers Condominium Unit Owner's Association ("PT COA") for the performance of construction projects known as "Complete common area

amenities" and "Complete the Pool and Spa Area," (collectively the "Projects"). (*Id.* at ¶¶14–17.)

In February, 2010 Plaintiff received a claim against the Bonds from PT COA alleging that Defendants failed to complete the obligations guaranteed by the Bonds. (*Id.* at ¶22.) On June 9, 2010 PT COA filed a complaint against Plaintiffs to prosecute its claim. (*See* PT COA Compl., Ex. B attached to MSJ, ECF No. 1.) Plaintiff settled PT COA's claims against the Bonds by paying PT COA the total sum of $125,000.00. (White Aff. at ¶26.) Defendants objected to the settlement of the claims.

Plaintiff filed the instant suit on February 3, 2011. (*See* Compl., ECF No. 1). Plaintiff alleges that Defendants have breached the terms of the Indemnity Agreements by failing to indemnify Plaintiffs for their losses as a result of its issuance of the Bonds as well as failing to pay for all premiums for the Bonds.

## DISCUSSION

### A.   Legal Standard

Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  To obtain relief under Rule 56(d), the nonmovant must show "(1) that [he or she] ha[s] set forth in affidavit form the specific facts that [he or she] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal. v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

### B.   Analysis

Defendants argue that Plaintiff's motion is premature and that they have not had adequate time to conduct discovery into its defenses.  Defendants attach a declaration of Donna Wittig

explaining what facts they hope to uncover through discovery. (*See* Wittig Decl., Ex. 6 attached to MSJ, ECF No. 1.)  Specifically, Defendants hope to discover what Plaintiff's evaluation, review and analysis and conclusions were regarding any potential defenses to the PT COA's claims.  These facts go directly to Defendants' defense claiming that Plaintiffs did not act in good faith in reaching the settlement and making the payment on PT COA's claims.  According to Plaintiff, Defendants have the burden to establish that Plaintiff acted in bad faith in settling the claims. *See Fidelity & Deposit Co. v. Bristol Steel & Iron Works, Inc.*, 722 F.2d 1160, 1163(4th Cir. Va. 1983).  Accordingly, since the burden is on Defendants, the Court finds that they should be given an opportunity to present a valid defense.  Defendants specify what discovery is remaining, how they intend to reveal that Plaintiffs acted in bad faith in settling and how they intend to prove the Plaintiffs did not properly investigate and did not heed Defendants' notifications against settlement.   Therefore, the Court GRANTS Defendants Rule 56(d) motion to deny Plaintiff's MSJ until discovery has concluded.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Panorama Towers I, LLC, Panorama Towers II, LLC, Panorama Towers Mezz I, LLC, and Sasson Hallier Properties' Countermotion for Relief under Fed. R. Civ. P. 56(d) (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Developers Surety and Indemnity Company's Motion for Summary Judgment (ECF No. 16) is **DENIED without prejudice**.

**DATED** this 30th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge